IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREG BJORNSTROM**, an individual | CV 04-1877-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **STATE OF OREGON**, by and through the **OREGON DEPARTMENT OF FISH AND WILDLIFE**, and **ALAN R. "CHIP" DALE**, an individual, | |
| Defendant. | |

**ROXANNE L. FARRA**
Roxanne L. Farra, P.C.
17 N.W. Irving Avenue
Bend, OR  97701

    Attorney for Plaintiff

**HARDY MYERS**
Attorney General
**ANDREW LOGERWELL**
Assistant Attorney General
Department of Justice
1162 Court Street S.E.
Salem, OR  97301
(503) 378-6313

    Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' FRCP 12 Motion to Dismiss Plaintiff's Complaint in Part (#10) in which Defendants seek dismissal of Plaintiff's First and Third Claims against the Oregon Department of Fish and Wildlife (ODFW).

This action arises from Plaintiff Greg Bjornstrom's discharge as an employee of ODFW. Bjornstrom brings claims pursuant to 42 U.S.C. § 1983 for the alleged violation of his federal constitutional property rights and pursuant to Oregon common law for wrongful discharge. In his Complaint, Bjornstrom framed his First Claim under § 1983 and his Third Claim for common law wrongful discharge against Defendant "State of Oregon, by and through the Oregon Department of Fish and Wildlife." Bjornstrom brought his Second Claim under § 1983 against Defendant Alan R. "Chip" Dale in his individual capacity.

For the reasons that follows, the Court **GRANTS** Defendants' Motion.

## DISCUSSION

### I. Bjornstrom concedes to dismissal of his First Claim.

As to Bjornstrom's First Claim, ODFW asserts it is not a § 1983 "person" subject to an action for money damages. ODFW relies on the Supreme Court's holding in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304

(1989).

Bjornstrom concedes this point in his Memorandum in Opposition to Defendants' Motions. The Court, therefore, **grants** Defendants' Motion to Dismiss Bjornstrom's First Claim for failure to state a claim.

II. <u>**ODFW did not waive its Eleventh Amendment immunity merely by filing a "Consent to Magistrate Judge" in this case**</u>.

As to Bjornstrom's Third Claim for common law wrongful discharge, ODFW asserts the Eleventh Amendment to the United States Constitution prevents Bjornstrom from bringing a cause of action against ODFW in federal court. ODFW relies on the Supreme Court's holding in *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S. Ct. 900 (1984). In addition, ODFW argues it has not waived its immunity from suit in federal court and, therefore, Bjornstrom's Third Claim also should be dismissed.

Although Bjornstrom acknowledges "the *Pennhurst* doctrine," he maintains, nonetheless, that ODFW waived its Eleventh Amendment immunity for purposes of this case when it filed a "Consent to Jurisdiction by a Magistrate Judge" before filing its Motion to Dismiss. ODFW responds its consent to proceeding before a magistrate judge is not the type of unequivocal action sufficient to constitute a waiver of Eleventh Amendment immunity. The Court agrees.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Thus, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

The Eleventh Amendment, however, "is not a true limitation on the court's subject matter jurisdiction, but rather a personal privilege that a state may waive." *Hill v. Blind Indus. and Serv. of Md.*, 179 F.3d 754, 760 (9th Cir. 1999). "A waiver of Eleventh Amendment immunity must unequivocally evidence the state's intention to subject itself to the jurisdiction of the federal court." *Id.* at 758. "[A] state may waive its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity." *Id.*

In *Hill*, the Ninth Circuit held the state defendant waived its Eleventh Amendment immunity because it failed to raise the issue until the day before trial and after it moved to dismiss for lack of personal jurisdiction; answered a complaint; moved to dismiss by alleging the amount in controversy was not sufficient to grant jurisdiction in a diversity suit; filed a consent to have a magistrate try the case; conducted discovery; participated

4 - OPINION AND ORDER

in a pretrial conference; and filed trial materials including witness and exhibit lists, proposed jury instructions, and a trial memorandum. *Id*. at 756. In determining the state defendant waived its Eleventh Amendment immunity, the Ninth Circuit reasoned the state defendant "hedged its bet on the trial's outcome" and "[s]uch conduct undermines the integrity of the judicial system . . ., wastes judicial resources, burdens jurors and witnesses, and imposes substantial costs upon the litigants." *Id*. *See also In re Bliemeister*, 296 F.3d 858, 861 (9th Cir. 2002).

In contrast, ODFW raised its Eleventh Amendment immunity defense in this case in its first motion on the merits. In these circumstances, the Court concludes ODFW's filing of a consent to proceedings before a magistrate judge is not "incompatible with an intent to preserve" its immunity. *Hill,* 179 F.3d at 760. Defendants' consent to a magistrate judge merely expanded the universe of judicial officers who could decide Defendants' Motion to Dismiss on the basis of Eleventh Amendment immunity. *Compare Embury v. King,* 361 F.3d 562, 566 (2004)(state defendant waived Eleventh Amendment immunity by removing case from state court and thereby invoking federal jurisdiction).

The Court, therefore, grants Defendants' Motion to Dismiss Bjornstrom's Third Claim for lack of subject matter jurisdiction.

### III. **The parties should avoid proceeding with two actions**.

Although the Court has granted ODFW's Motions and ODFW will be dismissed from this action, nothing prevents Bjornstrom from filing a separate action against ODFW in state court while he pursues his Second Claim against Defendant Dale in this Court. Because the potential state claim against ODFW involves many of the same factual and legal issues as the remaining federal claim against Dale, there is a significant risk of wasted resources for the parties and the two courts if Bjornstrom proceeds with two actions. The Court, therefore, encourages the parties to confer and to determine whether they can agree on a course of action that will minimize the risk of unnecessary expense to them and to the state and federal courts.

### CONCLUSION

For these reasons, the Court **GRANTS** Defendants FRCP 12 Motion to Dismiss Plaintiff's Complaint in Part (#10) and **DISMISSES** Bjornstrom's First and Third Claims.

If Bjornstrom chooses to proceed in federal court on his remaining Second Claim, he must file an Amended Complaint consistent with this Opinion and Order no later than June 3, 2005. If Bjornstrom chooses to dismiss this action in favor of proceeding with a single case in state court, he must file a

notice of voluntary dismissal of this action without prejudice no later than June 3, 2005.

IT IS SO ORDERED.

DATED this 19th day of May, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER