IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREG BJORNSTROM,                                 CV. 04-1877-PK

            Plaintiff,                             OPINION AND ORDER

v.

ALAN R. "CHIP" DALE and
ROXIE BURNS,
            Defendants.

PAPAK, Magistrate Judge:

      Plaintiff Greg Bjornstrom filed this action under 42 U.S.C. § 1983 alleging that Defendants Alan R. Dale and Roxie Burns violated the Fourteenth Amendment to the United States Constitution, which prohibits anyone acting under color of state law from depriving a person of a property interest without due process, by terminating Plaintiff's employment with the Oregon Department of Fish and Wildlife (ODFW). Defendants have moved for summary judgment on the ground that Plaintiff did not have a vested property interest in continued state employment and, therefore, could not maintain a claim under 42 U.S.C. § 1983. Defendants

have also moved to strike all of the exhibits filed in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. For the reasons set forth below, Defendants' Motion for Summary Judgment (No. 29) is granted and Defendants' Motion to Strike (No. 44) is denied.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure allows the granting of summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Only after the moving party has made such a showing does the burden shift to the opposing party to show that a genuine issue of fact remains. See Fed. R. Civ. P. 56(e).

To establish the existence of a genuine issue of material fact, the non-moving party must make an adequate showing as to each element of the claim on which the non-moving party will bear the burden of proof at trial. See Celotex Corp., 477 U.S. at 322-23; see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Harper, 877 F.2d at 731. The opposing party may not rest on conclusory allegations or mere assertions, see Taylor, 880 F.2d at 1045; Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988), but must come forward with significant probative evidence, see

Page 2 - OPINION AND ORDER

Anderson, 477 U.S. at 249-50; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

When considering a motion for summary judgment, the district court's role is not to weigh the evidence, but merely to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

FACTUAL BACKGROUND

Because this is a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all inferences in the non-moving party's favor. Reeves v. Sanderson Plumbing, 530 U.S. 133, 150 (2000).

Plaintiff was initially hired by ODFW on December 16, 2002, as a temporary Fish and Wildlife Technician 1. This was a temporary appointment that ended June 16, 2003. As a temporary employee, per ODFW policy, Plaintiff had no status and his time in service did not count toward any subsequent trial service periods in seasonal or permanent positions.

On July 7, 2003, Plaintiff was hired by ODFW to the position of seasonal Fish and Wildlife Technician 1. As a seasonal employee, Plaintiff had an initial trial service period of one year. However, Plaintiff's employment ended on October 15, 2003, when the season for which he was hired ended.

On October 16, 2003, Plaintiff was hired as a seasonal Experimental Biology Aide. The season was scheduled to end on March 31, 2003. Because the position was seasonal and in a different classification than Plaintiff's previous seasonal position, Plaintiff was required to serve a twelve-month initial trial service term. Plaintiff's trial service was scheduled to end on October 15, 2004. Plaintiff left this position, however, on December 9, 2003, when he was promoted to a

permanent position: Natural Resource Specialist 1. Because this was a promotion, Plaintiff was placed on promotional trial service status, meaning that Plaintiff had an initial trial service period of six months. The trial service was scheduled to end on June 9, 2004.

On February 21, 2004, Plaintiff killed a man after the man broke into Plaintiff's private residence and tried to kill Plaintiff. Plaintiff was detained by authorities but was released after only two days. No criminal charges were filed.

On February 24, 2004, ODFW hand-delivered to Plaintiff a termination letter written by Defendants Dale and Burns. Dale was the Regional Manager for ODFW's High Desert Region; Burns was the Division Administrator of the Oregon Human Resources Division assigned to ODFW. The letter stated that Plaintiff was being terminated because Dale and Burns had decided that Plaintiff was "unable or unwilling to perform [his] duties satisfactorily and [did] not merit continuance in [the] position."

ANALYSIS

I.   Motion for Summary Judgment

42 U.S.C. §1983 bars anyone acting under color of state law from subjecting a person within the United States to "the deprivation of any rights, privileges, or immunities secured by the Constitution." The Fourteenth Amendment to the United States Constitution protects against the deprivation of property or liberty without due process. Carey v. Piphus, 435 U.S. 247, 259 (1978); Brady v. Gebbie, 859 F.2d 1543, 1547 (9th Cir. 1988). Defendants have moved for summary judgment on the grounds that Plaintiff was a probationary employee and, therefore, did not have a property interest in continued state employment.

An employee has a constitutionally protected property interest in continued employment

if the employee has a "reasonable expectation or a 'legitimate claim of entitlement' to it." <u>Brady</u>, 859 F.2d at 1547-48 (quoting <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577). A legitimate claim of entitlement arises if it is created by existing rules or understandings that stem from an independent source, such as state law. <u>Matthews v. Oregon State Bd. of Higher Educ. ex rel. University of Oregon</u>, 220 F.3d 1165, 1168 (9th Cir. 2000). The court therefore looks to Oregon state law to determine whether Plaintiff had a reasonable expectation or a legitimate claim of entitlement to continued employment with ODFW.

In Oregon, state employees are divided into four major categories of service: classified, unclassified, exempt, and management. O.R.S. § 240.195. The parties agree that at the time Plaintiff was terminated, he was in trial service for a classified position. The only issue before the court, therefore, is whether an employee in trial service for a classified position has a recognized property interest in continued employment.

Employees who have successfully completed the trial service period to become permanent or "regular" employees in classified service can only be fired for cause. O.R.S. § 240.560(4); <u>Papadopoulos v. Oregon State Board of Higher Education</u>, 14 Or. App. 130, 157 (1973). During the trial service period, however, classified employees enjoy no significant statutory job security:

> At any time during the trial service period, the appointing authority may remove an employee if, in the opinion of the appointing authority, the trial service indicates that such employee is unable or unwilling to perform duties satisfactorily or that the habits and dependability of the employee do not merit continuance in the service.

O.R.S. § 240.410.

In <u>Grimes v. Public Employee Relations Board and Health Division</u>, 16 Or. App. 677

Page 5 - OPINION AND ORDER

(1974), a state employee was discharged during the employee's initial six-month probationary service period. The issue before the court was whether the employee had a property interest in continued employment during the probationary period and, thus, a right to a pre-termination hearing. The court held that a probationary employee is not entitled to a pre-termination hearing. In so holding, the court relied on the language of O.R.S. § 240.410 and Papadopoulos.

In Papadopoulos, a professor who taught for three years at Oregon State University under three grants of year-to-year tenure, was denied indefinite tenure and terminated. The court held that the professor was not entitled to due process before termination. The court stated that "employees who are in probationary status, either temporarily or permanently, have no property interest within the meaning of the Fourteenth Amendment." Papadopoulos, 14 Or. App. at 704.

Plaintiff argues that Grimes and Papadopoulos do not govern this case because Plaintiff had successfully performed at least one job position with ODFW and thus was no longer a new employee at the time he was terminated. The fact that Plaintiff had completed prior temporary positions is irrelevant because, under the Oregon State rules in effect at that time, he was still on probationary status for the position from which he was terminated.[1] Further, even if the court were to consider Plaintiff's previous seasonal positions, Plaintiff's initial trial service period for that first seasonal position was scheduled to end July 6, 2004, more than four months after Plaintiff was terminated. Plaintiff cannot argue that he completed the initial trial service period for even that first seasonal position.

Plaintiff also argues that the at will employment rules apply only to unclassified

---

[1] Per ODFW rules in effect at the time, if a seasonal employee who was not yet regular status was promoted, that employee was required to serve a six-month trial service period in the new position.

Page 6 - OPINION AND ORDER

employees and because Plaintiff was in trial service for a classified position, he had "something more than nothing." While the court agrees that the plaintiff has something more than at will employment, that something does not rise to the level of a constitutionally protected property interest.

Because Plaintiff had not completed his trial service period, Plaintiff did not have a property interest in his employment position, and thus cannot state a claim under § 1983. Defendant's motion for summary judgment should be granted.

II.     Motion to Strike

Defendants moved to strike all of the exhibits filed by Plaintiff in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Those exhibits consisted of the following: the complaint filed in a previous state court proceeding (Ex. A); Plaintiff's Official Personnel, Recruitment and Working Files from ODFW (Ex. B); interviews conducted by Plaintiff's investigator (Exs. C-G); copies of published federal court cases (Exs. H, L); copies of opinions issued by the Oregon State Employment Relations Board (Exs. I-J); copies of Oregon Department of Administrative Services statewide policies (Exs. K, M).

The motion is denied with respect to Exhibits H-M. The exhibits are cited as legal authority only, and it is not necessary to strike them from the record.

With respect to Exhibit A, Plaintiff cites to the State court complaint only for the factual assertion that Defendant Dale was the Regional Manager for ODFW's High Desert Region. That same factual assertion is contained in the Complaint in this case. The court therefore denies the motion to strike Exhibit A as moot.

Finally, the parties agreed at oral argument that the sole issue before the court was

whether Plaintiff had a property interest in continued employment. Because Exhibits B and C-G pertain to Plaintiff's argument that he was an exemplary employee, not the question of Plaintiff's employment status, the court did not consider those exhibits. Accordingly, the Motion to Strike is denied as moot with respect to Exhibits B and C-G.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment (No. 29) is GRANTED and Defendants' Motion to Strike (No. 44) is DENIED.

Dated this 21st day of February, 2006.

       /s/ Paul Papak
Honorable Paul Papak
U.S. Magistrate Judge